No. 13-1255

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

_____

RICHARD CAW,

*Plaintiff-Appellant,*

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC

*Defendant-Appellee.*

_____

**On Appeal from The United States District Court For The Western District of Missouri, St. Joseph**

_____

**OPENING BRIEF OF PLAINTIFF-APPELLANT**
_____

J. MARK MEINHARDT
9400 Reeds Road, Suite 210
Overland Park, Kansas 66207
Telephone: (913) 451-9797

*Attorney for Plaintiff-Appellant*

# TABLE OF CONTENTS

Summary of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of Issues Presented  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Statement of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Facts . . .  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Summary of the Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Certification of Brief Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . 14

# SUMMARY OF THE CASE

Appellant-Plaintiff Richard Caw appeals to this Court to review the District Court's grant of Defendant's Motion for Summary Judgment.

Appellant-Plaintiff alleged Defendant's multiple and specific violations of 15 U.S.C. §1692d preface, d(5), e preface, e(2) and f. Plaintiff asserts error in that the District Court failed to address the 15 U.S.C. §1692d preface and e preface claims in its grant of summary judgment for Defendant. Plaintiff also asserts error in the grant of summary judgment on the 15 U.S.C. §1692e(2) claim.

Appellant-Plaintiff believes oral argument would be helpful in that there are novel issues regarding the interplay between the general prohibitions in 15 U.S.C. §1692d preface and e preface and the enumerated prohibitions that follow in each section, which have not been addressed at the circuit level. Appellant-Plaintiff respectfully suggests that 15 minutes would be sufficient to present the matter.

# TABLE OF AUTHORITIES

*Strand v. Diversified Collection Serv., Inc.*, 380F.3d 316, 318-19
(8th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

(S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted* at 1977 U.S.C.C.A.N,
1695) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. 1692d.' *Brandt v. I.C. System,* 2010 WL 582081 (M.D. Fla. Feb. 19,
2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Freyermuth v. Credit Bureau Services*, 248 F.3d 767, 771 (8th Cir. 2001) . . . 12

*Duffy v. Landberg*, 215 F.3d 871, 873(8th Cir. 2000) . . . . . . . . . . . . . . . . . . . 12

*Finnegan v. University of Rochester Med. Ctr.,* 21 F. sup. 2d 223
(W.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bonn v. City of Omaha,* 623 F.3d 587, 589 (8th Cir. 2010) . . . . . . . . . . . . . . 13

*Smith v. National Credit Systems, Inc.,* 807 F.Supp.2d 836, 840
(D.Az. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Doshay v. Global Credit and Collection Corporation*, 796 F.Supp.2d 1301, 1304
(D.Colo. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) . . . . . . . . . . . . . . . . 13

*Camacho v. Bridgeport Financial Inc.,* 430 F.3d 1078, 1081
(9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64, 67

(1st Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sambor v. Omnia Credit Servs.,* 183 F.Supp. 2d 1234, 1240

(D. Haw. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mendez v. M.R.S. Assoc.,* 2004 WL 1745779, page 2

(N.D.Ill. August 3, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Mathis v. Omnium Worldwide,* 2005 WL 3159663 (D. Or. Nov. 27, 2005) . . . .14

## JURISDICTIONAL STATEMENT

Jurisdiction of the District Court arose under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as Appellant-Plaintiff asserted claims under the Fair Debt Collection Practices Act (FDCPA). Appellant-Plaintiff timely filed a notice of appeal on February 1, 2013 of the District Court's grant of Defendant's Motion for Summary Judgment of January 3, 2013. This court's jurisdiction arises from 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment from a U.S. District Court.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

A. The District Court, in its grant of Defendant's summary judgment motion, addressed Plaintiff's 15 U.S.C. §1692d(5) claim regarding intent to annoy, abuse or harass Plaintiff. Did the District Court err in failing to address Plaintiff's 15 U.S.C. §1692d preface harassment claim, which does not require a showing of intent?

5

Apposite cases and statute: *Brandt v. I.C. System,* 2010 WL 582081 (M.D. Fla. Feb. 19, 2010); *Strand v. Diversified Collection Serv., Inc.*, 380F.3d 316, 318-19 (8th Cir. 2004); 15 U.S.C. §1692d preface.

B. Defendant continued to call Plaintiff over a period of eight years while Plaintiff disputed the debts and correctly noted that they were legally unenforceable. Did the District Court err in rejecting the 15 U.S.C. §1692e(2) claim and failing to address Plaintiff's 15 U.S.C. §1692e preface claim, regarding a false, deceptive or misleading representation in connection with the collection of any debt?

Apposite cases and statutes: *Strand v. Diversified Collection Serv., Inc.*, 380F.3d 316, 318-19 (8th Cir. 2004); *Finnegan v. University of Rochester Med. Ctr.,* 21 F. sup. 2d 223 (W.D.N.Y. 1998); 15 U.S.C. §1692e preface and e(2).

## STATEMENT OF THE CASE

Plaintiff alleged Defendant's multiple and specific violations of the Fair Debt Collection Practices Act:15 U.S.C. §1692d preface, d(5), e preface, e(2) and f. The District Court granted summary judgment in favor of Appellee-Defendant on all counts.

## STATEMENT OF FACTS

Defendant called Plaintiff over a period of eight years attempting to collect two telephone bills allegedly incurred between 1995 and 1998 (Appendix p. 1-22: Defendant's Account Notes). Defendant purchased the debts within large pools at an unknown discount in 2002 and 2003 (Appendix p. 26 Priviette Depo.; Appendix p. 1-22: Defendant's Account Notes). Defendant's own records show that Plaintiff always disputed the debts, asserted that the statute-of-limitations had expired and asked Defendant to cease calling him and that Defendant refused (Appendix p. 1-22: Defendant's Account Notes). Defendant continued to call Plaintiff and only ceased telephone collection when suit was filed in the District Court. (Appendix p. 1-22: Defendant's Account Notes).

Additionally, Defendant's own records show that they changed the status of the debt from "out-of-statute" to "account no longer out of statute" (Appendix p.7-16: Defendant's Account Notes) and falsely represented to Plaintiff that "we don't have a statute of limitations, you have to pay the bill." (Appendix p. 24: Caw Depo.)

## SUMMARY OF THE ARGUMENT

Appellant-Plaintiff asserts error in that the District Court did not address Plaintiff's 15 U.S.C. § 1692d preface and e preface claims as well as improperly granting summary judgment for Defendant on his 15 U.S.C. § 1692e(2) claim.

7

Defendant's continued calls over eight years after Plaintiff's repeated dispute of the debt, requests to cease calling and false statements regarding the statute-of-limitations on the debts are issues for the jury.

## ARGUMENT

**THE DISTRICT COURT ERRED IN GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

### A. Fair Debt Collection Practices Act (FDCPA)

"The purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Strand v. Diversified Collection Serv., Inc*., 380F.3d 316, 318-19 (8th Cir. 2004) (quoting 15 U.S.C. § 1692(e)). Under the FDCPA, in connection with the collection of a debt, debt collectors are forbidden from 1) using conduct that constitutes harassment, oppression, or abuse; 2) using false, deceptive or misleading misrepresentations; and engaging in unfair or unconscionable means. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f.

### B. 1692d preface Claim

15 U.S.C. § 1692d preface states:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

8

collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …

Congress included this general proscription in recognition of its inability to foresee every conceivable abusive debt collection method. According to the Senate report: "this bill prohibits in general terms any harassing, unfair, or deceptive collection practice." This will enable the courts, where appropriate, to proscribe other improper conduct with is not specifically addressed." (S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted* at 1977 U.S.C.C.A.N, 1695).

"Once Plaintiff allegedly told Defendant to stop calling . . . each of the subsequent telephone calls to Plaintiff constituted a violation of 15 U.S.C. 1692d.' *Brandt v. I.C. System,* 2010 WL 582081 (M.D. Fla. Feb. 19, 2010).

Here, Defendant's own records show calls over an eight-year period in which Plaintiff repeatedly disputed the debt and asked Defendant to cease calls. (Appendix p. 1-23: Defendant's Account Notes). Defendant's records also indicate that on November 11, 2008 Plaintiff requested that Defendant cease the calls to him and that Defendant refused. (Appendix p. 21: Defendant's Account Notes). Defendant's records show that calls continued

9

up until notification of Plaintiff's suit (Appendix p. 1-23: Defendants Account Notes).

The District Court addressed only the 15 U.S.C. §1692d(5) intent to annoy, abuse or harass issue and concluded that even the call volume was, without other egregious conduct, insufficient to show the requisite intent. The District Court did not address the 15 U.S.C. §1692d preface claim, which is a general prohibition against harassment and requires no showing of intent to harass.

After Plaintiff had disputed the debts for over eight years with Defendant and repeatedly asked Defendant to stop calling him, the jury could find that continued calls to Plaintiff were harassing and to violate 15 U.S.C. §1692d preface. After eight years of calls that did not produce a payment, what other purpose could Defendant have to continue to call other than to harass Plaintiff into paying the out-of-statute debt?

## C. 1692e Claim

15 U.S.C. § 1692e preface and e(2) state:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of_

    (A) the character, amount, or legal status of any debt.

Here, there are two separate issues, the 15 U.S.C. § 1692e preface and the e(2) claim. The District Court only addresses the e(2) claim, incorrectly ignoring the false statements made by Defendant's collector and finding only that collecting an out-of-statute debt does not violate the section. (Addendum p. 1-6: Doc #40 Order Granting Summary Judgment).

The 15 U.S.C. § 1692e preface claim is not addressed by the Court. The general prohibition in 15 U.S.C. § 1692e preface is intended to cover deceptive collection acts and practices that do not fit the specific prohibitions given in the subsections of the section. Congress recognized that it would impossible to foresee every type of deceptive collection misbehavior and expressly provided this general standard to give the courts flexibility to proscribe improper conduct not specifically anticipated and addressed in the Act. (S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted* at 1977 U.S.C.C.A.N, 1695).

Plaintiff disputed the debts and discussed the fact the statute-of-limitations was expired with Defendant's collector and the collector stated "we don't have a statute-of-limitations, you have to pay the bill." (Appendix p. 24: Caw Depo. 15:14-17). Additionally, Defendant's own records show that they changed the

11

status of the debt from "out-of-statute" to "account no longer out of statute" (Appendix p. 7-16: Defendant's Account Notes).

The District Court cites *Freyermuth v. Credit Bureau Services*, 248 F.3d 767, 771 (8th Cir. 2001) as authority for its grant of summary judgment on the 15 U.S.C. § 1692e(2) claim, stating that attempting to collect an out-of-statute debt does not violate the section. The instant case is distinguishable in that Defendant's collector stated that "we don't have a statute-of-limitations, you have to pay the bill." (Appendix p. 24: Caw Depo. 15:14-17). In *Freyermuth,* only collection letters were sent, without any false assertions by a collector regarding the statute of limitations.

Within the Eighth Circuit, district courts employ an "unsophisticated-consumer" standard when analyzing FDCPA claims. *See Strand*, 380 F.3d at 318; *Duffy v. Landberg*, 215 F.3d 871, 873(8th Cir. 2000). The unsophisticated-consumer standard "protects the uninformed or naïve consumer" *Strand*, 380 F.3dat 318.

Here, the court found only that because Defendant did not threaten to sue on the debt which was no longer legally enforceable, it has not used misleading representations when stating that the statute-of-limitations did not apply to Defendant. An unsophisticated consumer could understand such a statement to mean that the debt was legally enforceable in a court.

12

Additionally, the continued assertion that Plaintiff owed a debt that he had correctly identified as out-of-statute and not legally enforceable violates 15 U.S.C. § 1692e(2), in that collection attempts continued even after consumer informed collector of the disputed status of the debt. See *Finnegan v. University of Rochester Med. Ctr.,* 21 F. sup. 2d 223 (W.D.N.Y. 1998).

Review of a district court's grant of summary judgment is *de novo* and the facts considered in the light most favorable to Plaintiff in this case. *Bonn v. City of Omaha,* 623 F.3d 587, 589 (8th Cir. 2010).

"The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." *Smith v. National Credit Systems, Inc.,* 807 F.Supp.2d 836, 840 (D.Az. 2011).

"Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." *Doshay v. Global Credit and Collection Corporation*, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

The FDCPA allows the consumer to orally dispute a debt. *Camacho v. Bridgeport Financial Inc.,* 430 F.3d 1078, 1081 (9th Cir. 2005) and *Brady v. The Credit Recovery Company, Inc.,* 160 F.3d 64, 67 (1st Cir.1998).

The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Sambor v. Omnia Credit Servs.,* 183 F.Supp. 2d 1234, 1240 (D. Haw. 2002).

A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all. *Mendez v. M.R.S. Assoc.,* 2004 WL 1745779, page 2 (N.D.Ill. August 3, 2004).

If a claim is time barred, it may, nevertheless, be used to help establish a pattern of abuse. See *Mathis v. Omnium Worldwide,* 2005 WL 3159663 (D. Or. Nov. 27, 2005), stating plaintiff may not recover for actions outside the one-year statute, but may use actions to support claims of abuse and harassment.

## CONCLUSION

Appellant seeks reversal of the District Court's grant of summary judgment in favor of Defendant.

## CERTIFICATION OF BRIEF COMPLIANCE

This brief complies with the type-volume limitations, has been filed in PDF format and the brief and Appendix have been scanned for viruses and are virus-free.d

Respectfully submitted:

By: /s/ J. Mark Meinhardt
J. Mark Meinhardt #53501
9400 Reeds Road, Suite 210
Overland Park, Kansas 66207
Telephone: (913) 451-9797
Facsimile: (913) 451-6163
Email: mark@meinhardtlaw.com

**ATTORNEY FOR APPELLANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2013 that the Appellant's Opening Brief and Appendix was furnished through the ECF system to:

Timothy G. Sheldon
Hinshaw & Culbertson LLP
222 N. Lasalle Street, Suite 300
Chicago, IL 60601

Timothy G. Sheldon
tshelton@hinshawlaw.com                By: /s/J. Mark Meinhardt