No. 13-1255

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| **RICHARD CAW**, | ) Appeal from the United States |
| | ) District Court for the Western |
| *Plaintiff-Appellant,* | ) District of Missouri |
| | ) St. Joseph Division |
| vs. | ) |
| | ) No.: 5:11-cv-06117-FJG |
| **PORTFOLIO RECOVERY** | ) |
| **ASSOCIATES**, | ) The Honorable |
| | ) **Fernando J. Gaitan**, |
| *Defendant-Appellee.* | ) Judge Presiding. |

BRIEF AND ARGUMENT OF DEFENDANT-APPELLEE
PORTFOLIO RECOVERY ASSOCIATES
_____

Timothy G. Shelton
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
312-704-3000

Avanti D. Bakane         *Attorney for defendant-appellee*
*Of Counsel*          *Portfolio Recovery Associates*

## SUMMARY OF THE CASE AND
## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff's summary of the limited errors asserted on appeal is adequate. (*See also* Statement of the Case, *infra*.)

Oral argument, however, is unnecessary in this case. The appeal arises from an unremarkable summary judgment ruling in a straightforward Fair Debt Collection Practices Act case. There are no novel issues: the same undisputed facts that supported the entry of summary judgment on plaintiff's claims under the subsections of sections 1692d and e also support summary judgment on plaintiff's claims under the preface statements to sections 1692 d and e.

The record is complete. The issues are narrow, uncomplicated, and fully presented in the briefs. The standard of review is *de novo*. Oral argument will not assist the Court in resolving this matter. It would only place unnecessary burdens on the Court and the parties.

Appellate Case: 13-1255    Page: 2    Date Filed: 06/06/2013 Entry ID: 4042945

**CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Portfolio Recovery Associates, LLC, is a subsidiary of Portfolio Recovery Associates, Inc., a publicly traded company. No publicly held corporation owns 10% or more of Portfolio Recovery Associates, Inc.'s stock.

ii

# TABLE OF CONTENTS

Summary of the Case and Statement Regarding Oral Argument . . . . .   i

Circuit Rule 26.1 Disclosure Statement . . . . . . . . . . . . . . . . . . .   ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   v

Statement of Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

I.       Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . .   11

II.      Summary Judgment Was Properly Entered on Plaintiff's
         Section 1692D Claim. . . . . . . . . . . . . . . . . . . . . . . . .   12

         A.       Plaintiff Abandoned the Allegations of His Complaint
                  and Improperly Attempted to Amend His Discovery
                  Responses . . . . . . . . . . . . . . . . . . . . . . . . .   12

         B.       Plaintiff's Attempt to Go Outside the Statute of
                  Limitations Is Unavailing . . . . . . . . . . . . . . . .   15

         C.       The Uncontroverted Evidence Establishes No Section
                  1692d Violation During the Statutory Period . . . . . . .   19

         D.       Plaintiff Failed to Meet His Burden of Proof on
                  Any Separate Violation of § 1692d . . . . . . . . . . .   24

III.     PRA Did Not Violate "E" or "1692E(2)" of the FDCPA . . . .   25

Appellate Case: 13-1255     Page: 4     Date Filed: 06/06/2013 Entry ID: 4042945

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

Appellate Case: 13-1255    Page: 5    Date Filed: 06/06/2013 Entry ID: 4042945

# TABLE OF AUTHORITIES

**Cases**

*Ahlberg v. Chrysler Corp.*,
481 F.3d 630 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Arteaga v. Asset Acceptance*,
733 F. Supp. 2d 1218 (E.D.Cal. 2010). . . . . . . . . . . . . . . . . . . 17

*Averbach v. Rival Mfg. Co.*,
879 F.2d 1196 (3d Cir.1989), cert. denied,
493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990) . . . . . . . . . 15

*Bentley v. Great Lakes Collection Bureau*,
6 F.3d 60 (2d Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Carman v. The CBE Group, Inc*,
782 F.Supp.2d 1223 (D.Kan. 2011) . . . . . . . . . . . . . . . . 18, 20, 22

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Chavious v. The CBE Group, Inc.*,
2012 WL 113509 (E.D.NY 2012) . . . . . . . . . . . . . . . . . . . . . 23

*Doe ex rel. Thomas v. Tsai*,
648 F. 3d 584 (8th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Duffy v. Landberg*,
215 F.3d 871 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 26

*ECLA Enterprises, Inc. v. Sisco Equipment Rental*,
53 F.3d 186 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Forrest v. Kraft Foods, Inc.*,
285 F. 3d 688 (8th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Freyermuth v. Credit Bureau Srvcs.*,
248 F. 3d 767 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . 19, 24, 25

Appellate Case: 13-1255    Page: 6    Date Filed: 06/06/2013 Entry ID: 4042945

*Huertas v. Galaxy Asset Man.*,
641 F.3d 28 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Jenkins v. Union Corp.*,
999 F. Supp. 1120 (N.D. Ill. 1998). . . . . . . . . . . . . . . . . . . . . 27

*Jenkins v. Winter,*
540 F.3d 742 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mathis v. Omnium Worldwide*,
2005 WL 3159663 (D.Or.) . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574, 586-87 (1986) . . . . . . . . . . . . . . . . . . . . . 11, 12

*McKenzie v. Ill. Dept. of Transp.*,
92 F.3d 473 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nigro v. Mercantile Adjustment Bureau, LLC*,
2013 WL 951497 (W.D.N.Y.) . . . . . . . . . . . . . . . . . . . . . . . 21

*Pace v. Portfolio Recovery Associates, LLC,*
872 F.Supp.2d 861 (W.D.Mo. 2012). . . . . . . . . . . . . . . . . . . . 22

*Rodgers v. City of Des Moines*,
435 F.3d 904 (8th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . 16

*Rollins v. Portfolio Recovery Associates, LLC,*
2012 WL 6051999 (W.D.Mo. 2012) . . . . . . . . . . . . . . . . . 20, 22

*Satcher v. Univ. of Arkansas*,
558 F.3d 731 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . 2, 16, 23

*Strand v. Diversified Collection Serv., Inc.,*
380 F.3d 316 (8th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . 26

*Waite v. Financial Recovery Services, Inc.*,
2010 WL 5209350 (M.D.Fla. 2010) . . . . . . . . . . . . . . . . . . . . 23

Appellate Case: 13-1255    Page: 7    Date Filed: 06/06/2013 Entry ID: 4042945

*Walker v. Cash Flow Consultants,*
200 F.R.D. 613 (N.D. Ill. 2001) . . . . . . . . . . . . . . . . . . . . . . 24

**Statutes**

15 U.S.C. §1692c(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

15 U.S.C. §1692c(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15 U.S.C. §1692d . . . . . . . . . 1, 3, 7, 8, 10, 12, 14, 18, 21, 22, 23, 25

15 U.S.C. §1692d(5) . . . . . . . . . . . . 1, 2, 7, 8, 9, 12, 18, 19, 22, 23

15 U.S.C. §1692d(6) . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 8, 9

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . 1, 3, 7, 8, 10, 25, 26, 27

15 U.S.C. §1692e(2) . . . . . . . . . . . . . . . . . . . . 1, 3, 7, 8, 25, 26

15 U.S.C. §1692e(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

15 U.S.C. §1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 8

15 U.S.C. §1692g(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

15 U.S.C. §1692(k)(d) . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Civ. P. 56(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Appellate Case: 13-1255    Page: 8    Date Filed: 06/06/2013 Entry ID: 4042945

## STATEMENT OF ISSUES

1.    Whether summary judgment was properly entered on plaintiff's claim that PRA violated section 1692d of the FDCPA in attempting to collect plaintiff's outstanding debt where the record shows PRA made 27 calls over a three month period and plaintiff concedes that PRA acted without intent to annoy, abuse or harass him in attempting to collect his outstanding debt.

2.    Whether summary judgment was properly entered on plaintiff's claim that PRA violated section 1692e of the FDCPA in attempting to collect plaintiff's outstanding debt where PRA's alleged statements were truthful and neither deceptive nor misleading to an unsophisticated consumer.

## STATEMENT OF THE CASE

Plaintiff's complaint alleges that in the year prior to the filing of the instant action, plaintiff received phone calls from PRA attempting to collect plaintiff's outstanding debt.  (PRA Appendix ("PRA App.") 3, ¶ 23.)  In making those calls, PRA allegedly violated sections 1692d, d(5), d(6), e, e(2), and f of the Fair Debt Collection Practices Act ("FDCPA").  (PRA App. 4, ¶¶ 30-34.)

1

In the district court, plaintiff abandoned his claim under section 1692d(6) that "Defendant failed to meaningfully disclose [its] identity" in communications with plaintiff. (PRA App. 4. ¶ 33.) Having attested to the contrary—that in every conversation with him, PRA "proudly announce[d] that they are with Portfolio Recovery" (PRA App. 39:2-3, 39:6-10)—plaintiff did not oppose PRA's motion for summary judgment on this claim. (Pl. App. 27-41.) *See Satcher v. Univ. of Arkansas*, 558 F.3d 731, 734 (8th Cir. 2009) ("failure to oppose a basis for summary judgment constitutes waiver of that argument").

In this Court, plaintiff asserts no error as to the entry of summary judgment on either his section 1692d(5) claim (PRA acted with an intent to annoy, abuse or harass him) or his section 1692f claim (PRA used an unfair or unconscionable means to collect his debt). (Pl.Br. at 7.) Thus, he has waived those claims on appeal. *See Jenkins v. Winter,* 540 F.3d 742, 751 (8th Cir. 2008) (claims not raised in an opening brief are deemed waived); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 634 (8th Cir. 2007) (points not meaningfully argued in opening brief are deemed waived).

In short, plaintiff has conceded that PRA disclosed its identity each time it called to collect his outstanding debt, did not call with an intent to annoy, abuse or harass plaintiff, and did not use any unfair or

2

unconscionable means to attempt to collect plaintiff's debt.  Accordingly, the only issues before the Court are those stated above, arising under the preface statements of sections 1692d and e and section 1692e(2).

## STATEMENT OF FACTS

### Plaintiff's Outstanding Debts

Plaintiff incurred two debts to Southwestern Bell in the amounts of $492.70 and $351.62 pursuant to accounts opened in his name and under his social security number.  (PRA App. 13-18, 22-26 [Pl. App. 6-11, 15-19]; 33:14-15.)   Plaintiff claims that the account with a balance of $351.62 was fraudulently opened in his name by his ex-girlfriend, who had access to his identifying personal information.  (PRA App. 32:6-24.) Plaintiff never sent any written correspondence to Southwestern Bell or PRA, nor did plaintiff report the alleged fraud to the police or any other authority.  (PRA App. 33:21-25, 34:2-4.)

### PRA Purchases Plaintiff's Debts

PRA's business includes collecting on unpaid, outstanding account balances.  (PRA App. 61, ¶ 7.)  PRA purchased plaintiff's Southwestern Bell account in the amount of $351.62 on October 11, 2002, and assigned it the file number 3648162981528.  (PRA App. 13 [Pl. App, 6]; 62, ¶ 13.) PRA purchased plaintiff's Southwestern Bell account in the amount of

3

$492.70 on February 18, 2003, and assigned it the file number 8162384384322.  (PRA App. 22 [Pl. App. 15]; 62, ¶ 14.)

**PRA's Collection Efforts**

PRA maintains collection notes regarding the activity that takes place on each account.  (PRA App. 61, ¶ 8.)  Activities such as telephone calls, telephone conversations and written correspondences regarding an account are recorded in the collection notes.  (PRA App. 62, ¶ 9.)

PRA forwarded an initial validation notice to plaintiff on November 11, 2002.  (PRA App. 21-22 [Pl. App. 14-15]; 62, ¶ 16.)  PRA's validation letter clearly and conspicuously informed plaintiff of his rights to request verification of the debt and to dispute the debt.  (PRA App. 62, ¶ 17.)  Plaintiff did not respond to this letter, dispute his debt, or request verification of the same.  (PRA App. 22-29 [Pl. App. 15-22]; 62, ¶ 18.)

PRA placed calls to XXX-XXX-2775, in an attempt to reach the plaintiff.  (PRA App. 27 [Pl. App. 20]; 35:11-17; 55, Answers to Nos. 3, 5; 67-68.)  This is a landline (PRA App. 31:23-25; 55, Answers to Nos. 3, 5); plaintiff did not have a cellular phone during the time period in question.  (PRA App. 31:8-25.)

From September 8, 2011 to December 9, 2011, a period of about three months, PRA placed a total of twenty-seven calls to plaintiff.  (PRA

4

App. 22-29 [Pl. App. 15-22]; 62, ¶ 19.)  PRA placed the following number of calls each month:  six in September; ten in October; ten in November; and one in December.  (PRA App. 27 [Pl. App.20].)  The maximum number of calls placed by PRA in one month was ten calls. (PRA App. 27 [Pl. App. 20]; 63, ¶ 21.)

PRA never placed more than two calls in a single day.  (PRA App. 27 [Pl. App. 20]; 63, ¶ 22.)  PRA placed two calls in one day on four occasions: October 4, 2011, October 14, 2011, November 15, 2011, and November 21, 2011.  (PRA App. 27 [Pl. App. 20]; 63, ¶ 23.)  On each of those four days, the two calls were placed over seven hours apart.  (PRA App. 27 [Pl. App. 20]; 63, ¶ 24.)  PRA never called plaintiff before 8:00 a.m. or after 9:00 p.m.  (PRA App. 27 [Pl. App. 20]; 63, ¶ 26.)

**Plaintiff's Refusal to Communicate with PRA about His Outstanding Debts.**

Plaintiff never allowed PRA to discuss his account with him.  (PRA App. 27 [Pl. App. 20]; 63, ¶ 25.  Plaintiff refused to answer PRA's calls upon viewing his caller ID and determining the call was from PRA.  (PRA App. 42:21-43:2.)  Although plaintiff stated in his deposition that he had "maybe 20" conversations with PRA during the year prior to filing suit (PRA App. 34:19-21), he was unable to corroborate this statement (*id.* at 48-52, Responses to Nos. 1-12, 18) and failed to offer anything as to what

5

may have been discussed. Plaintiff never placed a call to PRA, and he refused to allow PRA to discuss his debt with him. (App. 27 [Pl. App. 20]; 44:6-7; 63, ¶ 32.) Plaintiff never sent any written correspondence to Southwestern Bell or PRA. (PRA App. 33:21-25.)

On November 6, 2011 and November 18, 2011, a third-party answered phone number XXX-XXX-2775 and stated plaintiff was unavailable. (PRA App. 27 [Pl. App. 20]; 63, ¶ 27.) PRA produced two call recordings associated with its attempt to collect plaintiff's debt. (PRA App. 64, at ¶ 33.) Both of these recordings are with third-parties who state that plaintiff is not available. (PRA App. 64-65, ¶ 34.)

On September 10, 2011, October 29, 2011, November 13, 2011 and November 21, 2011, plaintiff answered PRA's calls and terminated them before PRA could discuss plaintiff's account with him. (PRA App. 27 [Pl. App. 20]; 63 ¶ 28.) On each of these occasions, PRA waited a minimum of two days after plaintiff terminated the call before attempting to contact him again to discuss his account. (PRA App. 27 [Pl. App. 20]; 63, ¶ 29.) PRA never called, hung up, and immediately called back. (PRA App. 63, ¶ 31.)

PRA was never able to discuss plaintiff's account with him due to plaintiff's conduct. (PRA App. 27 [Pl. App. 20]; 63, ¶ 30.)

**Plaintiff's FDCPA Claims**

On December 12, 2011, plaintiff filed his complaint in this case, alleging that PRA violated sections 1692d, d(5), d(6), e, e(2), and f of the FDCPA in attempting to collect plaintiff's outstanding debt. (PRA App. 4, ¶¶ 30-34.). All of the alleged violations arose from PRA's attempt to communicate telephonically with plaintiff during the one-year time period preceding the filing of this action. (PRA App. 3, ¶ 23.) Plaintiff testified that he is relying solely on memory in bringing this action against PRA; he has no documents or material of any kind to refute PRA's call logs. (PRA App. 45:25-46:8; 48-52, Responses to Nos. 1-12, 18.) He recalled receiving "about 30" calls from PRA during the year prior to filing suit. (PRA App 34:19-22.)

Plaintiff provided answers to interrogatories to support his allegations. His answer to Interrogatory No. 5 stated:

> 5.    State each and every telephone number that Plaintiff contends PRA placed calls to. For each, state the time period during which Plaintiff claims (s)he received calls at this telephone number and whether each is a cellular phone or landline.
>
> ANSWER:   XXX-XXX-2775, landline. Plaintiff received numerous calls during the year prior to the filing of the suit; however, he does believe the calls began in the fall of 2011; Plaintiff is unsure of the exact dates and times.

Appellate Case: 13-1255    Page: 15    Date Filed: 06/06/2013 Entry ID: 4042945

(PRA App. 55.)

The purported basis for his claims under sections 1692d, d(5) and (6) was that PRA:

> caused Plaintiff's telephone continuously to ring and repeatedly engaged Plaintiff in conversation with the intent to annoy, abuse, and harass Plaintiff into paying a disputed and out-of-statute debt. Defendant failed to meaningfully disclose its identity in communications with Plaintiff.

(PRA App. 58, Answers to Nos. 18-20.)

The purported basis for plaintiff's claim that PRA violated section 1692e and e(2) is that PRA "falsely represented the character of the debt in that it is uncollectible because it is out-of-statute." (PRA App. 59, Answers to Nos. 21, 22.) The purported basis for plaintiff's claim that PRA violated section 1692f of the FDPCA is his statement, "Defendant's actions during communication with Plaintiff, taken as a whole violate 1692f preface." (PRA App. 59, Answer to No. 23.)

Plaintiff did not provide the date and time of any communication or produce a single call recording or documentation of any kind in support of his claims. (PRA App. 48-52, Responses to Nos. 1-12, 18.) As to his assertion that "Defendant failed to meaningfully disclose its identity in communications with Plaintiff," in violation of 1692d(6), plaintiff stated in his deposition that in every conversation with him, PRA "proudly

8

announce[d] that they are with Portfolio Recovery." (PRA App. 40:2-10.). In response to PRA's summary judgment motion, plaintiff did not raise his 1692d(6) claim. (Pl. App. 27-41.) He does not raise that claim, or his section 1692(d)(5) claim, on appeal.

Plaintiff further testified during his deposition that PRA never filed a lawsuit against him and never stated any intent to do so. (PRA App. 42:10-14.). Rather, plaintiff believed that PRA should not have been able to collect a debt from [him] because the statute of limitations had passed. (PRA App. 41:4-18.)

Plaintiff raises no section 1692f claim on appeal.

**Plaintiff's "Call Log"**

Although plaintiff stated in his discovery responses and deposition that he lacked a single document, tape recording, or evidence of any of his claims, he attested during his deposition that his attorney had instructed him to keep a "call log" as evidentiary support for a suit against PRA. (PRA App. 38:2-39:4.) The call log is the single document produced by plaintiff in support of all of his claims. (PRA App. 60.)

The call log purports to show that PRA called plaintiff on the following dates at the following times: 11/6/11 "afternoon"; 11/13/11 at

9

4:16pm; and 11/21/11 at 4:30pm.[1]   (PRA App. 60.)   PRA does not
dispute that it placed calls to plaintiff on these dates, at these times.  (PRA
App. 27 [Pl. App. 20].)

**Summary Judgment Is Entered for PRA**

On January 2, 2013, the district court entered summary judgment in
PRA's favor on all of plaintiff's claims.  (Appellant Addendum 1-6.)  This
appeal ensued.

## SUMMARY OF ARGUMENT

Plaintiff cites no legal authority for his section 1692d "preface
claim" that PRA's conduct in connection with the collection of his debt
rose to the level of harassment, oppression or abuse.  Nor does any such
authority exist.  This claim is defeated by the same undisputed facts that
support the district court's unchallenged ruling that PRA acted without
intent to annoy, abuse or harass plaintiff.

Plaintiff supports his section 1692e "preface claim" and section
1692e(2) claim by relying on his misconception that PRA was not
allowed to collect a time-barred debt.  In the absence of any threat or

---

[1] The call log also shows a call on 11/28/11 at 5:35pm.  However, this
call states it was from an "unknown caller," and the log states, "Called
from ?"  Plaintiff's call log reflects times in Central Standard Time, while
PRA's collection notes reflect Eastern Standard Time.  (PRA App. 62, ¶
15.)

Appellate Case: 13-1255    Page: 18    Date Filed: 06/06/2013 Entry ID: 4042945

pursuit of legal action, plaintiff's debt continued to be due and owing beyond the running of the statute of limitations and was, therefore, collectible.

## ARGUMENT

### I. STANDARD OF REVIEW

A motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Doe ex rel. Thomas v. Tsai,* 648 F. 3d 584, 587 (8th Cir. 2011). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A court properly enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Forrest v. Kraft Foods, Inc.*, 285 F. 3d 688, 691 (8th Cir. 2002) (quoting *Celotex*, 477 U.S. at 323); *see McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996) (quoting *Celotex*).

11

To successfully oppose a motion for summary judgment, the nonmovant must do more than raise a "metaphysical doubt" as to the material facts. *See Zenith*, 475 U.S. at 586. Instead, he must present "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *Zenith*, 475 U.S. at 587 (emphasis omitted). There is not a genuine issue for trial if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." *Zenith*, 475 U.S. at 587.

## II. SUMMARY JUDGMENT WAS PROPERLY ENTERED ON PLAINTIFF'S SECTION 1692D CLAIM.

### A. Plaintiff Abandoned the Allegations of His Complaint and Improperly Attempted to Amend His Discovery Responses.

The FDCPA at § 1692d states as follows: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692d(5) specifically prohibits debt collectors from repeatedly or continuously calling any person "with intent to annoy, abuse, or harass" that person. Under § 1692k(d), a cause of action for a violation of the FDCPA must be brought "within one year from the date on which the violation occurs."

Plaintiff brought suit claiming that he received offending phone calls during the year prior to filing suit and attested to the same in his

12

discovery responses. (PRA App. 3, ¶ 23; 55, Answer to No. 5.) He identified only one telephone number at which he received phone calls from PRA: XXX-XXX-2775. (PRA App. 35:11-17; 55, Answers to Nos. 3, 5; 67-68.) At his deposition, he testified that he received about 30 calls at that number. (PRA App. 34:19-22.) Plaintiff departed from these claims in a last minute attempt to defeat summary judgment that was both improper and futile.

Upon receipt of plaintiff's complaint alleging that PRA placed harassing collection calls, defendant and its counsel sought clarification of the telephone number(s) to which PRA placed calls. (PRA App. 68.) Plaintiff's counsel replied, "XXX-XXX-2775." (*Id.* at 67.) Plaintiff then responded to defendant's written discovery requests as follows:

> 5. State each and every telephone number that Plaintiff contends PRA placed calls to. For each, state the time period during which Plaintiff claims (s)he received calls at this telephone number and whether each is a cellular phone or landline.

> ANSWER: XXX-XXX-2775, landline. Plaintiff received numerous calls during the year prior to the filing of the suit; however, he does believe the calls began in the fall of 2011; Plaintiff is unsure of the exact dates and times.

(PRA App. 55.) Plaintiff confirmed this information during his deposition. (PRA App. 35:1-2, 11-17.)

Appellate Case: 13-1255    Page: 21    Date Filed: 06/06/2013 Entry ID: 4042945

In the summary judgment proceedings, plaintiff attempted to create an issue of material fact as to a section 1692d violation by claiming that "Defendant's collectors were calling [plaintiff] from 2002 through December of 2011" and that "Plaintiff properly disputed [the debt] . . . over a period of years."[2]  (Pl. App. 31-32, ¶¶ 32-35; 38.)   Although plaintiff specified no telephone numbers, the purported calling presumably was not limited to number XXX-XXX-2775.

In *ECLA Enterprises,* this Court addressed the issue of a plaintiff pursuing claims not disclosed in or supported by its discovery responses. *ECLA Enterprises, Inc. v. Sisco Equipment Rental*, 53 F.3d 186 (8th Cir. 1995).  There, the plaintiff refused to answer defendant's interrogatories regarding the fair market value of the property at issue, stating that these requests were irrelevant because plaintiff did not seek diminution damages.  The plaintiff then sought diminution damages.  53 F.3d at 190. The court stated:

> For litigation to function efficiently, parties must provide clear and accurate responses to discovery requests. Parties are "entitled to accept answers to previous interrogatories as

---

[2]  To "properly dispute a debt," a debtor must communicate to a debt collector that he disputes the debt within 30 days of his receipt of the initial validation notice.  15 U.S.C. 1692g(a)(3).  It is uncontroverted that plaintiff did not do so.  (PRA App. 33:21-25.)

14

true, and to refrain from seeking additional discovery directed to the same issue." *Averbach v. Rival Mfg. Co*., 879 F.2d 1196, 1201 (3d Cir.1989), cert. denied, 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). ELCA did not candidly respond to the defendants' questions. Instead, after misleading the defendants for several months, ELCA made an eleventh-hour attempt to switch the basis for its alleged damages. We will not validate such lack of candor, and so affirm this portion of the district court's decision.

*Id.*

Here, just as in *ECLA Enterprises*, plaintiff pursued claims that he did not disclose in discovery (and for which he put forth no supporting evidence, as explained more fully below). In fact, plaintiff provided complete responses to PRA's discovery requests, which PRA was entitled to accept as true. Plaintiff's subsequent attempt to use his response to summary judgment as a vehicle to amend his discovery responses, mischaracterize the nature and scope of communications between the parties, and assert new claims based upon immaterial disputes should not be validated.

### B.    Plaintiff's Attempt to Go Outside the Statute of Limitations Is Unavailing.

Plaintiff proposes that the Court may consider PRA's collection records for the years prior to the running of the statute limitation under the theory that PRA's out-of-statute conduct, while not actionable, may be

15

cited to "help establish a pattern of abuse." (Pl.Br. 14, citing *Mathis v. Omnium Worldwide*, 2005 WL 3159663 (D.Or.).) Even assuming the validity of this proposition, the record of PRA's prior phone calls is not helpful to plaintiff.

First, as explained above, plaintiff cannot escape the fact that he identified only XXX-XXX-2775 as the telephone number to which he claimed PRA placed calls. (PRA App. 35:1-2, 11-17; 55, Answers to Nos. 3, 5; 67-68.) Plaintiff further attested to his belief that the calls began in the fall of 2011 and stated that he received about 30 calls from PRA in the year prior to filing suit. (PRA App. 34:19-22; 55.) These undisputed facts are corroborated by PRA's evidence. (PRA App. 27 [Pl. App. 20].)

Second, plaintiff cites generally to pages 1-23 of his appendix as support for his claim that he "repeatedly disputed the debt and asked Defendant to cease calls." (Pl.Br. 9.) This Court is entitled to more effort from the non-movant in a summary judgment case. *See Satcher*, 558 F.3d at 734 ("Without some guidance, we will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments" (citing *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006)).

16

The single precise citation offered by plaintiff is erroneous. Plaintiff contends that PRA's records "indicate that on November 11, 2008, Plaintiff requested that Defendant cease the calls to him and that Defendant refused." (Pl.Br. 9, citing his appendix, p. 21; *see also* PRA App. 28 [Pl. App. 21].) Even assuming that PRA's call to number XXX-XXX-0887 on November 11, 2008, was a call to plaintiff, PRA's collection notes do not indicate any refusal to cease calling plaintiff. To the contrary, PRA's representative properly advised that the request to cease calling be put in writing (15 U.S.C. § 1692c(c)) and that the account was being put on hold for ten days. (PRA App. 28 [Pl. App. 21].) Notably, PRA did not place a call in relation to plaintiff's account for over four months after advising him that his account was on hold. (*Id.* at 3/13/2009.) And plaintiff never sent any written correspondence to PRA. (PRA App. 33:23-25.)

Third, even if calls outside the limitations period could be counted, the district court correctly held that "100 total calls since 2002" is not evidence of "particularly egregious conduct." (Pl. Addendum at 5). This averages out to approximately one call per month, which no court has held to be abusive. *Cf. Arteaga v. Asset Acceptance*, 733 F. Supp. 2d 1218, 1229 (E.D.Cal. 2010) ("daily" or "nearly daily" phone calls alone

17

fail to raise an issue of fact for a jury to determine whether the conduct violates § 1692d or § 1692d(5)).

*Carman v. The CBE Group, Inc*, 782 F.Supp.2d 1223, 1232 (D.Kan. 2011), is instructive. There, the defendant debt collector called the plaintiff's home number up to four times a day and called her work number up to three times a day for a total of 149 calls to plaintiff during a two-month period (92 of these calls were placed in the first month, 55 in the second).

In rejecting the plaintiff's claim that the defendant's calls constituted harassment, the court found that there was no evidence of an unacceptable pattern of calls and that the defendant's conduct suggested an intent to establish contact with plaintiff rather than an intent to harass. *Id.* at 5. The court stated:

> [O]ther courts have recently found that "even 'daily' calls, unaccompanied by other egregious conduct, such as calling immediately after hanging up, calling multiple times in a single day, calling places of employment, family or friends, calling at odd hours, or calling after being asked to stop, is insufficient to raise a triable issue of fact for the jury.

*Id*.

There is no evidence that PRA engaged in any such egregious conduct. Accordingly, even if calls prior to the limitations period are

18

considered, they are insufficient to show a "pattern of abuse" and can have no impact on the entry of summary judgment.

### C. The Uncontroverted Evidence Establishes No Section 1692d Violation During the Statutory Period.

Plaintiff's complaint was filed on December 12, 2011. (PRA App. 6-7.) Thus, any cause of action based on a call placed to the plaintiff prior to December 12, 2010 is time-barred. *Freyermuth v. Credit Bureau Srvcs.*, 248 F. 3d 767, 77071 (8th Cir. 2001) (citing 15 U.S.C. § 1692k(d)).

Plaintiff alleges that "[i]n the year prior to the filing of the instant action," PRA violated sections "1692 preface and d(5)" by causing his telephone "continuously to ring" or "repeatedly engag[ing him] in conversation." PRA App. 3, ¶ 23; 4, ¶¶ 31, 32.) PRA's call log, however, establishes that plaintiff's phone did not "continuously ring" during this time. Between September 8, 2011, and December 9, 2011, a period of about three months, PRA placed a total of twenty-seven calls to plaintiff. (PRA App. 27 [Pl. App. 20].) The maximum number of calls placed by PRA in one month was ten calls. (*Id*.) The calls were placed between the hours of 8:00 a.m. and 9:00 p.m., as permitted under 15 U.S.C. § 1692c(a)(1). (*Id*.) PRA never placed more than two calls in a single day, which occurred four times in three months (10/4/2011,

19

10/14/2011, 11/15/2011, and 11/21/2011). (*Id*.) Each time, the two calls were placed a minimum of seven hours apart. (*Id*.)

Nor did PRA "repeatedly engage" plaintiff in conversation regarding his debt during the year prior to plaintiff's law suit. Plaintiff testified that he refused to answer PRA's calls upon viewing his caller ID and determining the call was from PRA. (PRA App. 42:21-43:2.) If plaintiff did answer, he immediately hung up. (PRA App. 27 [Pl. App. 20] (9/16/20/11, 10/29/2011, 11/13/2011, 11/21/2011).) The undisputed evidence shows that plaintiff never allowed PRA to discuss his account with him. (PRA App. 27 [Pl. App. 20]; 44:6-7; 63, ¶¶ 25, 32.)

In *Rollins v. Portfolio Recovery Associates, LLC,* 2012 WL 6051999 (W.D.Mo. 2012), summary judgment was granted in favor of the defendant where the defendant placed forty-five calls over a six-month period, with a maximum of two calls in a single day. The court found "no evidence of an unacceptable pattern of calls or other egregious conduct" to support plaintiff's d and d(5) claims). *See also Carman v. The CBE Group, Inc*, 782 F.Supp.2d 1223, 1232 (D.Kan. 2011) ("Although plaintiff testified as to her distress and annoyance as a result of CBE's calls, her opinion regarding whether the calls were harassing is not

20

evidence of CBE's intent. Instead, the evidence suggests an intent by CBE to establish contact with plaintiff, rather than an intent to harass").

Plaintiff concedes on appeal that he cannot establish PRA's intent to annoy, abuse or harass him under section 1692d(5) (Pl.Br., pp. 3, 5, 8-10), but asserts that a showing of intent to harass is not required under the preface to section 1692d. Case law indicates otherwise. *See, e.g., Nigro v. Mercantile Adjustment Bureau, LLC*, 2013 WL 951497, * 2 (W.D.N.Y.) ("To prevail under § 1692d, the consumer must show not only that the contents of the calls were harassing, abusive, or misleading, but must also establish the callers' intent") (internal quotation marks and citations omitted).

In any event, plaintiff's assertion is disingenuous. All of plaintiff's allegations of harassment under section 1692d relate to PRA's phone calls. Harassing phone calls are expressly addressed in subsection d(5), where intent is also referenced. On appeal plaintiff asks, "what other *purpose*" would PRA have in phoning plaintiff if not to harass him? (Pl.Br., p. 10 (emphasis added).) "Purpose" and "intent" are synonymous. WEBSTERS THIRD NEW INTERNATIONAL DICTIONARY, pp. 1176, 1847 (2002). Plaintiff's attempt to establish an intent by PRA to harass him

Appellate Case: 13-1255    Page: 29    Date Filed: 06/06/2013 Entry ID: 4042945

under section 1692's preface when he concedes he could not do so under section 1692d(5) is transparent and should not be credited.

Case law addressing the issue of when a collector's telephone calls rises to the level of harassment, oppression or abuse unanimously supports a finding that PRA did not violate either the preface to section 1692d or section 1692d(5). *See Pace v. Portfolio Recovery Associates, LLC,* 872 F.Supp.2d 861, 865 (W.D.Mo. 2012) ("absent egregious conduct or intent to annoy, abuse, or harass, a debt collector does not violate the FDCPA by persistently calling in an attempt to reach a debtor regarding a debt owed").

Courts consistently resolve far more harassing claims than those the plaintiff asserts here at the summary judgment stage. *See, e.g.*; *Rollins v. Portfolio Recovery Associates, LLC*, 2012 WL 6051999, * 4 (WD.Mo. 2012) (granting summary judgment in favor of defendant on plaintiff's d and d(5) claims where defendant placed forty-five calls over a period of six months, with a maximum of two calls in a single day with calls at least two hours apart and stating that plaintiff provided "no evidence of an unacceptable pattern of calls or other egregious conduct"); *Carman*, 782 F.Supp.2d at 1229, 1232 (granting summary judgment in favor of defendant and holding that 149 calls over the course of two months, with

Appellate Case: 13-1255    Page: 30    Date Filed: 06/06/2013 Entry ID: 4042945

up to four calls placed per day, did not violate § 1692d(5), where defendant was able to reach plaintiff only once); *Chavious v. The CBE Group, Inc.*, 2012 WL 113509, at *2-3 (E.D.NY 2012) (summary judgment in favor of defendant where defendant placed "thirty-six calls over approximately two months, all made at reasonable times and not one immediately following another," even where plaintiff called defendant back, was put on hold for several minutes, and therefore terminated call without having chance to speak with defendant); *Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350, *4, *5 (M.D.Fla. 2010) (132 calls over a 9 month period, including 29 in a single month and up to 4 calls in one day, without more, held insufficient to raise a triable issue of fact on plaintiff's § 1692d and § 1692d(5) claims).

Plaintiff failed to meet his burden of showing that PRA's calls to him were continuous or repeated. Moreover, plaintiff concedes that PRA did not place calls with the intent to harass him, as opposed to the intent to discuss his outstanding debts. As such, PRA was entitled to summary judgment on plaintiff's 1692d and d(5) claims. *See Satcher v. Univ. of Arkansas*, 558 F.3d 731, 734 (8th Cir. 2009) (it is non-moving party's responsibility to create *material* issue of fact in order to withstand summary judgment).

23

### D. Plaintiff Failed to Meet His Burden of Proof on Any Separate Violation of § 1692d.

To the extent plaintiff attempts to assert a separate 1692d claim based on his allegation that PRA attempted collection of an "out-of-statute" debt (Pl.Br., p. 10), this assertion is without merit. A debt on which the statute of limitations has run does not extinguish the debt or render it invalid; a time-barred debt is collectible. *See Freyermuth v. Credit Bureau Servs. Inc.*, 248 F.3d 767 (8th Cir. 2001) (statute of limitations bars a specific remedy; it does not extinguish the indebtedness); *Huertas v. Galaxy Asset Man.*, 641 F.3d 28, 32-34 (3rd Cir. 2011) ((affirming 12(b)(6) dismissal of plaintiff's FDCPA claims and holding that running of statute of limitations on any debt does not extinguish the debt or render it invalid (citing *Freyermuth,* 248 F.3d at 771)); *see also Walker v. Cash Flow Consultants,* 200 F.R.D. 613, 616 (N.D. Ill. 2001).

In *Freyermuth,* plaintiff claimed that the defendant debt collector violated the FDCPA by attempting to collect a time-barred debt from him. 248 F.3d at 771. Plaintiff did not allege that the defendant took or threatened to take legal action against him. *Id.* The court held that defendant did not violate the FDCPA because defendant did not threaten legal action against plaintiff. *Id.* The court reasoned that a statute of

24

limitations on a debt does not eliminate the debt. *Id.* Thus, the debt continues to be due and owing beyond the statute of limitations, and it is therefore collectible.

Here, plaintiff admitted that PRA never filed a lawsuit against him and never stated any intent to do so. (PRA App. 42:10-14.) Rather, plaintiff believed that "PRA should not have been to collect a debt from [him] because the statute of limitations had passed." (PRA App. 41:13-18.) Not so. *See Freyermuth,* 248 F.3d at 771 (the running of statute of limitations on any debt does not extinguish the debt or render it invalid). The plaintiff's legal and factual misconceptions cannot support his 1692d claim, and PRA is entitled to summary judgment on this claim.

## III. PRA DID NOT VIOLATE "E" OR "1692E(2)" OF THE FDCPA.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiff's section 1692e and e(2) claims are based only on the allegation that PRA attempted collection of a time-barred debt.

Appellate Case: 13-1255    Page: 33    Date Filed: 06/06/2013 Entry ID: 4042945

As shown above with respect to plaintiff's section 1692d claims (point II. D), a time-barred debt is collectible. Thus, PRA is similarly entitled to summary judgment on plaintiff's section 1692e and e(2) claims.

Plaintiff contends that the statement "we don't have statute oflimitations, you have to pay the bill" could lead an unsophisticated consumer to believe the debt was legally enforceable (Pl. App. 24:16-17; Pl.Br., p. 12). Yet plaintiff concedes that PRA never stated any intent to file a lawsuit against him. (PRA App. 42:10-14.) Eighth Circuit courts employ an "unsophisticated-consumer" standard when analyzing FDCPA claims. *See Strand v. Diversified Collection Serv., Inc.,* 380 F.3d 316, 318 (8th Cir. 2004); *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). The unsophisticated-consumer standard "protects the uninformed or naive consumer" but also includes "an objective element of reasonableness," which ensures debt collectors remain free "from liability for peculiar interpretations of collection [attempts]." *Strand*, 380 F.3d at 318.

Plaintiff cites no authority for the proposition that a consumer's speculation about legal enforceability is sufficient to satisfy the unsophisticated consumer standard, especially where, as here, the consumer acknowledges that the collector stated no intent to legally

26

enforce the debt.  Although courts have found litigation threats in indirect or oblique statements, those statements must "imply legal action is underway or contemplated in the near future" to be actionable under the FDCPA.  *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998) (for a collection letter to threaten legal action to the unsophisticated consumer, "it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made").  *Cf. Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993) (least sophisticated consumer would interpret language in dunning letter stating that the collection bureau had been given the authority to initiate legal proceedings against the plaintiff to mean that legal action was "authorized, likely and imminent").

Plaintiff admits that PRA did not threaten legal action.  Rather, PRA truthfully stated that the statute of limitations plays no roll in its ability to collect from plaintiff or in plaintiff's obligation to pay his debt. As such, it did not use a "false, deceptive, or misleading representation or means in connection with the collection of" plaintiff's debt.  15 USC § 1692e.

## CONCLUSION

For the foregoing reasons, defendant-appellee Portfolio Recovery Associates requests that this Court affirm the entry of summary judgment in defendant's favor.

Respectfully submitted,

s/Timothy G. Shelton

Timothy G. Shelton
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601
312-704-3000

Avanti D. Bakane                    *Attorney for defendant-appellee*
*Of Counsel*                        *Portfolio Recovery Associates*

Appellate Case: 13-1255     Page: 36     Date Filed: 06/06/2013 Entry ID: 4042945

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,818 words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Office Word 2002 in 14-point Times New Roman.

3.      Pursuant to Eighth Circuit Rule 28A(h)(2), the undersigned also certifies that the brief has been scanned for viruses and is virus free.

s/Timothy G. Shelton

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2013, the foregoing brief was filed electronically with the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system. All attorneys of record are registered users according to the Clerk's office and that service will be accomplished by the CM/ECF system.

/s/ Timothy G. Shelton